UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HERBERT APONTE,

                Plaintiff,

     -against-

MARY ANN BUONO, President Local 426
International School Transportation Workers Union,

                Defendant.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-1077 (CBA)(MDG)

AMON, Chief United States District Judge:

      The plaintiff Herbert Aponte, proceeding pro se, brings this action against the defendant Mary Ann Buono, President of The International School Transportation Workers Union Local 426 ("the Union"). Aponte alleges that Buono breached the Union's duty of fair representation when she failed to adequately represent Aponte at a disciplinary proceeding held by the New York City Department of Education ("NYCDOE"), Office of Pupil Transportation ("OPT"). Buono moves to dismiss the complaint as time-barred and for failure to state claim upon which relief can be granted. Aponte, in turn, moves to amend the complaint to add a breach of contract claim against the NYCDOE.

## BACKGROUND

**I.    Aponte's original complaint dated March 3, 2011**

      Aponte, a school bus driver, is employed by 21st Century Transportation Co. (also known as Precious Services and Management Corporation, and referred to herein as "21st Century" or "Aponte's employer") located at 145 Wolcott Street, Brooklyn, NY 11231. Aponte is a member of the Union, and a Collective Bargaining Agreement ("CBA") exists between the Union and 21st Century. 21st Century, in turn, has a contract with the NYCDOE to provide school bus

1

transportation in New York City. For approximately 13 years, Aponte has been a New York City school bus driver.

Aponte's original complaint, filed on March 3, 2011, alleges the following facts. In May 2010, a parent reported to OPT that Aponte had left a student at home unattended instead of at an alternative pre-arranged location. OPT investigated the complaint and held a disciplinary hearing on May 27, 2010. Buono attended the meeting with Aponte. Aponte alleges that neither he nor Buono received any "documents" or "materials" ahead of the hearing. As a result, he requested that the hearing be adjourned but Buono "did not seek any postponement and [the hearing officer] refused to honor my request." Aponte alleges that Buono did nothing to prepare for the hearing, and had nothing to say on Aponte's behalf. As a practical matter, Aponte states that he "did not have any representation at all" and the hearing was "defective" and "conducted neglectfully and in bad faith." After the hearing, OPT suspended Aponte's certificate of approval as a New York City school bus driver for 270 days because of the incident.

Aponte appealed this decision, and a disciplinary appeal conference was held before the NYCDOE Office of Appeals and Review ("OAR") on August 18, 2010. Buono again attended the conference with Aponte. Aponte alleges that Buono refused to speak on his behalf outside of saying "no comment." Aponte attempted to speak on his own behalf, but the hearing officer "refused to hear [his] defense" on the grounds that Buono was representing him. When Aponte insisted on speaking on his own behalf for the purpose of seeking a postponment so that he could secure counsel at his own expense, the hearing officer imposed a "default" against Aponte and abruptly ended the hearing.

At some later date, Aponte received a letter changing his 270-day suspension to a permanent revocation of his OPT bus driver certification. Aponte calls the hearing officer's

decision "arbitrary," "capricious," and "discriminatory," particularly in light of the fact that this was Aponte's first disciplinary problem in 13 years of working as a school bus driver. The complaint states that there was a "violation of due process at the defective hearing, as I was a target without an attorney present and not provided an opportunity to speak, nor was I afforded the opportunity to obtain counsel in my defense."

Aponte's March 13 complaint names only Buono as a defendant, not the Union and not the NYCDOE. The complaint alleges that Buono breached the Union's duty of fair representation at these hearings, and by failing to obtain an attorney for Aponte to represent him. The complaint also suggests that Buono and the Union did not adequately represent his interests because the Union is overwhelmingly Catholic and he is a Jehovah's Witness.

## II. Buono's motion to dismiss the complaint

On April 13, 2011, Buono moved to dismiss the complaint as time barred under the six-month statute of limitations that applies to fair representation claims against unions. According to Buono, Aponte "knew or should have known" about the alleged breach of duty at the time of the August 18, 2010, hearing, and thus the limitations period on Aponte's claim expired February 18, 2011, before the complaint was filed on March 3, 2011.

Alternatively, the motion to dismiss asserts that the complaint fails to state a claim for relief because the Union had no duty to fairly represent Aponte in a proceeding before the OPT, as neither the NYCDOE nor OPT is Aponte's employer, and this dispute did not arise under the CBA between the Union and Aponte's employer, 21st Century.

## III. Aponte's motion to amend the complaint/opposition to Buono's motion to dismiss

In response to this motion to dismiss, Aponte submitted a "Motion for Permission to Amend Complaint" to add a claim against the NYCDOE under section 301 of the Labor

3

Management Relations Act, 29 U.S.C. § 185 ("LMRA"), for breach of the CBA. The motion to amend states that this would now be a "hybrid action" against the NYCDOE for breach of contract, and against the Union for breach of the duty of fair representation. See Carrion v. Enter. Assoc., Metal Trades Branch Local Union 639, 227 F.3d 29, 32 (2d Cir. 2000) ("[A] suit, which alleges that the employer breached the [collective bargaining agreement] and that the union breached its duty of fair representation, is known as a hybrid § 301/fair representation claim.").

Attached as an appendix to Aponte's motion to amend is a document titled "Motion in Opposition to Defendant's Motion for Dismissal as Untimely." This submission includes the following exhibits: (1) the transcript of the August 18, 2010 disciplinary hearing; (2) a letter from the NYCDOE dated September 3, 2010, informing Aponte that pursuant to the disciplinary conference held on August 18, 2010, his OPT school bus driver certification was being permanently revoked; (3) a copy of the CBA between the Union and Aponte's employer; and (4) documents purporting to show Aponte's membership in the Union.

This "Motion in Opposition" contains arguments in opposition to Buono's motion to dismiss, but it also reads like an amended complaint in that it provides additional factual detail about what happened at the OPT disciplinary proceedings, and further explains the basis for Aponte's claims. To the extent this submission contains new facts relevant to Aponte's claim against Buono, the Court liberally construes the factual allegations in the original March 3, 2011 complaint as effectively amended by this submission. See Cusamano v. Sobek, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009) ("[T]he mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to

dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.").

## IV. Buono's reply in support of motion to dismiss/opposition to motion to amend

On October 4, 2011, Buono filed an additional memorandum of law in further support of her motion to dismiss, and in opposition to Aponte's motion to amend the complaint. As to the motion to dismiss, Buono simply reasserts the same statute of limitations arguments. Buono also asserts for the first time—and without any legal support—that Aponte should be barred from bringing this action because "it appears he previously brought a proceeding in New York Supreme Court, Bronx County, for identical relief he is seeking in this action," which was dismissed because Aponte failed to appear. Buono attaches as an exhibit a complaint filed by Aponte in state court, and what appears to be an order denying Aponte's request for relief on the grounds of "no appearance by movant."

In response to Aponte's motion to amend, Buono asserts, also without citing to any caselaw, that Aponte should not be allowed at this late date to add a party who has not been put on notice of the litigation.[1]

## DISCUSSION

## I. Standard of review

Pro se pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they may suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted). Nevertheless, pro se complaints remain, as any other complaint, vulnerable to dismissal under Rule 12(b)(6). See Brickhouse v. City of N.Y., No. 09 Civ. 9353, 2010 WL 3341845, at *2 (S.D.N.Y. Aug. 16, 2010) ("Pro se plaintiffs nevertheless remain

---

[1] The Court notes that after Buono's October 4, 2011 submission, Aponte and Buono each filed supplemental affidavits on these motions. These affidavits merely rehash and expound upon the arguments already identified herein, and thus require no further description by the Court. See DE # 31-32.

subject to the general standard applicable to all civil complaints[.]"). To withstand a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.  Statute of limitations

A six-month statute of limitations applies to claims alleging that a union breached its duty of fair representation to a member. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1982) (applying National Labor Relations Act's six-month statute of limitations to hybrid claim against employer and union); Turco v. Local Lodge 5, Int'l Bhd. of Boilermarkers, 592 F. Supp. 1293, 1294 (E.D.N.Y. 1984) (applying DelCostello to a claim brought solely against the union for breach of the duty of fair representation). Buono argues that Aponte's claim is barred by the statute of limitations because Aponte knew of the alleged breach of the duty of fair representation at the time of the August 18, 2010 hearing, more than six months before he filed his complaint in this action.

The six-month limitations period "begins running when 'the plaintiff could have first successfully maintained a suit based on that cause of action.'" Ruffolo v. Bevona, No. 96-cv-3223, 1997 WL 88290, at *2 (S.D.N.Y. March 3, 1997) (quoting Ghartey v. St John's Queens Hosp., 869 F.2d 160, 163 (2d Cir. 1989)). Thus, where a union represents an employee throughout a grievance or dispute resolution process, the limitations period does not begin to run before the dispute resolution process is completed, meaning when the unfavorable decision has been made. See Ghartey, 869 F.2d at 164 ("We hold that in a hybrid action alleging the Union's

6

inadequate representation during the course of an arbitration hearing, [the plaintiff] cannot be expected to maintain the action before there has been any decision issued in the arbitration."); Strassberg v. N.Y. Hotel & Motel Trades Council, 31 Fed. Appx. 15, 17 (2d Cir. 2002) (holding that plaintiff "knew or reasonably should have known that a breach occurred" on the day decision was made concerning plaintiff's grievance). As the Second Circuit recognized in Ghartey, "requiring a district court to consider such a suit by a plaintiff who may yet prevail in the pending [disciplinary] proceeding would be an intolerable drain on precious judicial resources." 869 F.2d at 163.

Although this suit does not involve the Union's representation of Aponte at an arbitration hearing, the reasoning of Ghartey and Strassberg apply with equal force to the claim that Buono breached the Union's duty during her representation of Aponte at the NYCDOE disciplinary hearings. Aponte could not have been expected to maintain this cause of action before he received the NYCDOE's final determination permanently revoking his certificate of approval as a New York City school bus driver. He did not receive that determination until September 3, 2010, and his complaint was filed exactly 6-months later on March 3, 2011. Accordingly, Buono's motion to dismiss the complaint as time-barred is denied.

### III. Buono's motion to dismiss for failure to state a claim

Turning to the merits of Aponte's claim against Buono, the Court finds that the complaint fails to allege a breach of the Union's duty of fair representation. The duty of fair representation owed by a union to its members stems from a union's authority under the National Labor Relations Act to be the exclusive representative of all employees in a bargaining unit. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990). The duty "requires a union to 'represent fairly the interests of all bargaining-unit members during the

7

negotiation, administration and enforcement of collective-bargaining agreements.'" Price v. Int'l Union, UAW, 927 F.2d 88, 92 (2d Cir. 1991) (quoting Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 47 (1979)). Thus, this duty extends only to grievances arising out of the collective bargaining agreement. See Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998) ("This duty extends to both the negotiation of a collective bargaining agreement, and its enforcement and administration.") (internal citations omitted).

Because the duty of fair representation arises from the collective bargaining agreement, a claim for breach of that duty arises only when a union fails to adequately represent one of its members in connection with a grievance about an employer's alleged breach of the collective bargaining agreement. Duncan v. AT&T Commc'n, Inc., 668 F. Supp. 232, 236 (S.D.N.Y. 1987). In Duncan, the district court found that the complaint failed to set forth circumstances that would trigger the union's duty of fair representation because it "fail[ed] to allege . . . a violation by [the employer] of any provision of a collective bargaining agreement," but instead "dwell[ed] on the Union's alleged refusal to assist [the plaintiff] in matters independent of any colorable case of wrongdoing by [the employer.]" Id.

Like in Duncan, Aponte's claim against Buono arises from matters independent of any claim of wrongdoing by Aponte's employer, 21st Century. The complaint does not suggest that 21st Century violated the CBA, and in fact states that Aponte's employer never penalized him for the incident that gave rise to the OPT disciplinary proceedings. Nothing in the complaint suggests that the NYCDOE's disciplinary procedures have any connection to the CBA between the Union and 21st Century, or the rights and benefits guaranteed by the CBA. Thus, the Union's duty of fair representation was not triggered by these disciplinary proceedings, and there are no set of facts that Aponte could allege based on this incident that would give rise to a claim

8

against Buono or the Union for breach of that duty.[2] The Court therefore grants Buono's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.[3]

## IV. Aponte's allegations of religious discrimination

The final paragraph of Aponte's complaint suggests that he has been subjected to a "hostile environment" at work because he is a Jehovah's Witness and "everyone else is Catholic." He states that he is ostracized and harassed at work on a daily basis because of his religious beliefs, and that no one associates with him. The Court cannot deduce from the complaint, however, whether these allegations are intended to provide support for Aponte's claim against Buono and/or the Union for breaching the duty of fair representation, or whether they are meant to support a separate claim for relief.

To the extent that Aponte is suggesting in his complaint that Buono or the Union failed to adequately represent him at the NYCDOE disciplinary hearings *because* of his religious beliefs, Aponte still does not state a claim for breach of the duty of fair representation because, for the reasons stated above, the Union had no duty to represent Aponte at these disciplinary proceedings. See Beachum v. AWISCO N.Y., 785 F. Supp. 2d 84, 103 (S.D.N.Y. 2011) (holding that a plaintiff cannot maintain a Title VII discrimination claim against a union based on the union's failure to represent the member in connection with a grievance if the plaintiff fails to establish that the union breached the duty of fair representation). The complaint does not

---

[2] Although Buono does not raise this point in her papers, it seems that she cannot properly be named individually as a defendant in this suit. See Thomas v. Biller, No. 88-CV-2439, 1989 WL 131194, at *6 (E.D.N.Y. Oct. 10, 1989) (claim for breach of duty of fair representation "may only be brought against the union itself and not against the individual officer or individual members of the union").

[3] Because the complaint fails to state a claim against Buono, the Court need not address Buono's argument that Aponte should be barred from bringing this action because he previously brought an action seeking identical relief in state court, which was dismissed for failure to prosecute. The Court notes, however, that Buono provides absolutely no legal support for this argument. In addition, the Court's brief research into the issue indicates that no preclusive effect would attach to the state court's dismissal of Aponte's complaint for failure to prosecute. See Hanrahan v. Riverhead Nursing Home, 593 F.3d 367 (2d Cir. 2010) ("A dismissal for failure to prosecute, however, is not on the merits 'unless the order specificies otherwise.'") (quoting N.Y. CPLR § 3216(a))).

otherwise allege that Buono or the Union discriminated against Aponte in any way based on his religious beliefs.

If these claims are intended to state a separate claim for relief, the Court finds that they are insufficient to survive a Rule 12(b)(6) motion to dismiss. Under Title VII, 42 U.S.C. § 2000e et seq.—which Aponte does not mention in his complaint—an employee can bring a claim against an employer based on the presence of a "hostile working environment" when the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 19999). However, the appropriate defendant on a Title VII hostile environment discrimination claim is the plaintiff's employer. See Thanning v. Gulotta, 898 F. Supp. 134, 138 (E.D.N.Y. 1995) ("Title VII creates a cause of action against an 'employer' who has engaged in certain discriminatory conduct."). Aponte's employer, 21st Century, is not named as a defendant in this lawsuit. Aponte has not moved to amend his complaint to add a claim for Title VII discrimination against his employer. Moreover, nothing in Aponte's complaint, which is focused entirely on Buono's conduct at the OPT disciplinary hearings, suggests to this Court that Aponte intends to pursue a claim against his employer for religious discrimination as part of this lawsuit. The Court therefore will not assume that Aponte means to allege such a claim.

V.    **Aponte's motion to amend the complaint**

"Leave to amend a complaint shall be freely given when justice so requires." Dougherty v. Town of No. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002). "This relaxed standard applies with particular force to pro se litigants. '[A] pro se complaint is to be read liberally,' and should not be dismissed without granting leave to amend at least once when

such a reading 'gives any indication that a valid claim might be stated.'" Pangburn v. Culberston, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999). However, "[a]n amendment to a pleading will be futile if a propose claim could not withstand a motion to dismiss," and in such circumstances leave to amend need not be granted. Id.

### A. Claim against NYCDOE for breach of the Collective Bargaining Agreement

Aponte seeks to amend his complaint so that it alleges what has become known as a "hybrid § 301/fair representation claim." See Carrion, 227 F.3d at 33. This type of claim is available to "provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding [against an employer.]" Id. The Supreme Court has held that in such circumstances, "an employee may bring suit against both the union and the employer." Id. (citing DelCostello, 462 U.S. at 164). "Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301 [of the LMRA], since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor relations Act." Id.

The Court finds that it would be futile to grant Aponte leave to amend his complaint to include a "hybrid § 301/fair representation claim" against the Union and the NYCDOE. As discussed at length herein, the NYCDOE is not Aponte's employer, and is not a signatory to the CBA. Thus, Aponte cannot sue the NYCDOE for breaching that agreement. Cruz v. Robert Abbey, Inc., 778 F. Supp. 605, 610 (E.D.N.Y. 1991) ("§ 301 suits are confined to defendants who are signatories of the collective bargaining agreement under which they are brought.")

(quoting Ramsey v. Signal Delivery Serv., Inc., 631 F.2d 1210, 1212 (5th Cir. 1980)). Aponte's motion to amend the complaint to add such a claim is denied.

B. **Due process claim against the NYCDOE**

As discussed herein, this Court has an obligation to construe pro se pleadings liberally and interpret them "to raise the strongest arguments that they may suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Consistent with this obligation, the Court believes that Aponte may wish to amend his complaint to allege a claim against the NYCDOE for violation of his due process rights based on the hearing officers' conduct at the NYCDOE disciplinary hearings. Aponte's complaint alleges that he was prejudiced at the disciplinary hearings because the presiding officers would not let him speak on his own behalf. He states that there was a "violation of due process at the defective hearing, as I was a target without an attorney present and not provided an opportunity to speak, nor was I afforded the opportunity to obtain counsel in my defense." He also specifically alleges in his second submission to this Court, "The violation of 14th Amendment US Constitutional 'due process' rights plays a part in the neglect of fair representation that occurred on August 18, 2010" and that the "extreme actions taken [by the NYCDOE] demonstrate the lack of due process and fundamental fairness . . . of the 14th Amendment of the United States Constitution."

Based on these allegations, the Court will construe Aponte's motion to amend as seeking leave to file a claim against the NYCDOE for violating his Fourteenth Amendment due process rights. The Court expresses no opinion as to the viability of such a claim. However, in an abundance of caution, because the language in Aponte's papers suggests to the Court that he might intend to pursue such a claim, the Court believes Aponte should be given leave to amend his complaint to clearly assert this claim against the NYCDOE, if he wishes to do so. See

12

Panburn, 200 F.3d at 70 (emphasizing that a pro se complaint should not be dismissed without granting leave to amend at least once).

## CONCLUSION

The defendant's motion to dismiss the complaint is granted. The plaintiff's motion to amend the complaint is denied insofar as it seeks to add a claim under § 301 of the LMRA against the New York City Department of Education, and insofar as it seeks to assert any claim against Buono or the Union. If the plaintiff wishes to file an amended complaint against the New York City Department of Education under 42 U.S.C. § 1983 alleging a violation of his Fourteenth Amendment due process rights, he is directed to file that complaint with the Court and serve it upon the New York City Department of Education within 30 days of this order. If no amended complaint is filed, the Court will enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
December 28, 2011

                                                  /s/
                                                Carol Bagley Amon
                                                Chief United States District Judge