UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HERBERT APONTE,

                  Plaintiff,

      -against-

MARY ANN BUONO, President Local 426
I.S.T.W.U.,

                 Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
11-CV-1077 (CBA) (MDG)

**AMON, Chief United States District Judge:**

On December 28, 2011, the Court dismissed the complaint filed by the pro se plaintiff, Herbert Aponte, against the defendant, Mary Ann Buono, President of the International School Transportation Workers Local Union 426 ("the Union"), because it failed to state a claim for relief. (Docket Entry No. 35.) However, interpreting the plaintiff's pleadings in the most favorable light possible, the Court found that the plaintiff's papers suggested that he might intend to pursue a due process claim against a different defendant, the New York City Department of Education. In an abundance of caution, the Court granted the plaintiff 30 days to file an amended complaint asserting such a claim. The Court did not grant the plaintiff leave to assert any further claims against Buono or the Union.

On January 30, 2012—five days after the 30-day deadline—the Court received a letter from the plaintiff seeking an extension of time to file his amended complaint. (Docket Entry No. 36.) The plaintiff claimed he did not receive the Court's December 28, 2011 order until he appeared in person at the Clerk's office. The very next day, the Court issued an order expressing its frustration that the plaintiff has continued to seek extensions of time in this litigation based on assertions that he failed to receive court orders or motion papers—all of which are sent to the mailing address that he has provided the Court. (Docket Entry No. 37.) The Court cautioned the

1

plaintiff, as it has done before, that it is the plaintiff's obligation to make sure he receives filings in his case and to inform the Court if there is a different address to which mail should be sent. Nevertheless, in another exercise of caution, the Court granted the plaintiff an additional 30 days to file his amended complaint.

On February 22, 2012—eight days before the new deadline—the Court received a submission from the plaintiff caption "Motion for Restraining Order & Stay of Proceedings." (Docket Entry No. 38.)  It is very difficult to discern what type of relief the plaintiff seeks through this motion.  However, it appears that the plaintiff is suggesting that the Court should refrain from enforcing its own order dismissing this case because of a lack of proper service upon the plaintiff.

If the plaintiff is suggesting that he was never properly served with the defendant's motion to dismiss (which the Court ultimately granted), this is simply not true.  The docket sheet reflects that the defendant attempted to serve the plaintiff with her motion to dismiss numerous times during the spring of 2011.  (See Docket Entries No. 5 (affidavit of service) and 8 (same).) Although there initially was some confusion about the plaintiff's correct address, his address was updated on the docket sheet on July 6, 2011, and the plaintiff again served her motion to dismiss by mail to the updated address.  (Docket Entry No. 23.)  To date, the plaintiff has never requested that court documents be sent to a different address.  Contrary to the plaintiff's suggestion, the defendant was not required to personally serve her moving papers or use federal express or another specialized mail carrier service.

On August 3, 2011, the plaintiff filed a motion for an extension of time to reply to the motion to dismiss on the grounds that he never received the motion.  Critically, he attached as an exhibit to his motion the defendant's moving papers.  This confirms that the plaintiff was in

2

receipt of the defendant's motion to dismiss no later than August 3, 2011.  (Docket Entry No. 22.)  The motion to dismiss subsequently was fully briefed by the parties, and the Court granted the motion on December 28, 2011.  The defendant received the Court's December 28, 2011 order no later than January 30, 2012.

For the reasons stated in the December 28, 2011 order the plaintiff no longer has a claim against the defendant, Mary Ann Buono.  This Court dismissed the complaint against Buono in its entirety and will not reconsider that decision based on the plaintiff's arguments about service.

The Court explained in the December 28, 2011 order that a judgment would be entered closing this case if the plaintiff chose not to file an amended complaint—in a timely matter— asserting a claim against the New York City Department of Education.  The plaintiff has now missed two deadlines to file an amended complaint, despite being in receipt of the Court's order granting him leave to do so.  Instead of using his additional time to file an amended complaint, the plaintiff continues to dispute the Court's order dismissing his claims against Mary Ann Buono.  The Court has repeatedly accommodated the plaintiff's requests for extensions of time in this action and finds no good reason to give the plaintiff any additional time to file an amended complaint.

The plaintiff's "motion for a restraining order and stay of proceedings" is denied.  The Clerk of the Court is instructed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
　　　　March 23, 2012

　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　Carol Bagley Amon
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

3